**1824.**

M'Ilhenny
vs
Jones.

fraudulently obtained, and thus virtually annulling such deeds or contracts as against the fraudulent parties.

But they cannot entertain actions upon verbal contracts within the statute, on the ground of fraud, in refusing to perform them; if they could, it would be to permit a plaintiff, in the shape of an action on the contract, to recover in damages, not for the breach of the contract as such, but for a fraud subsequently conceived, and on which the action was not founded, (as is attempted in this case,) which would be to annul the statute in relation to such contract.

JUDGMENT AFFIRMED.

---

**JUNE.**

**M'ILHENNY, *et al. vs.* JONES.**

Notice to the endorsors, of the non payment of a promissory note, is not necessary, where they had endorsed the note after the day of payment had elapsed, and where an action had been brought on it in their names, for the use of the holder against the drawer, and such action was, by order of their attorney entered discontinued, and the note taken out.

APPEAL from *Washington* county court. *Assumpsit* on a promissory note by the endorsee against the payees. Plea, *non assumpsit.* At the trial the plaintiff, (the appellee,) offered in evidence the promissory note declared upon, drawn on the 10th of November 1817, by *George Beltzhoover,* for $105 39, and payable, 30 days after date, to the defendants, (the appellants,) or order, and by them endorsed, on 3d of June 1818, to the plaintiff. The making of the note, and the endorsement by the defendants, were proved. The plaintiff also offered in evidence a record of an action brought on a note of the same date, for the same amount, &c. on the 28th of April 1819, in the names of the present defendants, and endorsed for the use of *Jones* and *Roades,* against the drawer of the note; which action was, by order of the plaintiffs by their attorney, entered discontinued in March 1820, and the note, which had been filed, was taken out. The defendants then offered in evidence, that the maker of the note, at the time of the endorsement, and passing of the same by the defendants, lived near *Hager's-Town,* and that the plaintiff then was in *Hager's-Town,* and continued there for two or three weeks after, and that they endorsed the note in payment for goods purchased by them of the plaintiff; and on this evidence prayed the court to direct the jury, that the plaintiff was not entitled to recover. The court, [*Buchanan,* Ch. J. and *T. Buchanan,* A. J.] refused to give the direction. The defendants excepted, and the verdict and judgment being against them, they appealed to this court.

The cause was argued at June term last before EARLE, MARTIN, DORSEY, and STEPHEN, J.

*Ridout*, for the Appellant, contended, 1. That due diligence was not used by the plaintiff below, to obtain payment from the drawer of the note, on which the action was brought, before instituting suit against the endorsors.

2. That notice was not given to the defendants of the failure of the drawer to pay the note.

*R. Johnson*, for the Appellee, contended, that as a suit had been brought by the defendants on the 28th of April 1819, against the drawer, on the very note which no doubt was left in their hands by the plaintiff for collection, they could not deny their having notice that the money had not been paid. They struck off their action, which was entered for the use of *Jones*. There was no necessity, therefore, to prove *that* they had notice of the nonpayment of the note by the drawer. The prayer made to the court below, by the defendants, was general, that the plaintiff was not entitled to recover, which the court very properly refused to grant. There was no evidence that the plaintiff received the note in payment of the goods purchased of him by the defendants. The taking a note is no evidence of payment, unless it is so expressed. *Whitbeck vs. Van Ness*, 11 *Johns. Rep.* 409. Whether or not it was received as payment, was a fact to be left to the jury. *Johnson vs. Weed*, 9 *Johns. Rep.* 310. *Chitty on Bills*, 118, (*note.*) Where a note is endorsed after it is due, the endorsor becomes the maker. *Clark vs. Young*, 1 *Cranch*, 192. It is fair to infer, that when the note was endorsed the payees knew that the drawer would not pay. Notice to them therefore was not necessary that he did not pay when called on.

*Ridout*, in reply. It does not appear that the defendants had any thing to do with the suit which was brought against the drawer. It was entered for the use of *Jones*. The note too had been endorsed by them, and the action could not be supported in their names. It was the suit of *Jones* erroneously brought, and therefore his counsel dismissed it. There is no evidence that it was the same note upon which the present action is brought. There might be several notes of the same date, and of the same amount, &c.

1824.

Jarrett
vs
Cooley

The note being endorsed, after it was due, makes it in one respect different from other notes, that is, that the holder could not look to the endorsors without proof of the insolvency of the drawer. If the endorsor is considered as drawer, he has not been sued as drawer. As between the endorsor and endorsee, it stands in the same situation as all other notes. *Chitty*, 141. If as drawer, he is entitled to notice; *Mutford vs. Walcot*, 1 Ld. Raym. 575. *Chalmers vs. Laniow*, 1 Campb. 383. This was the assignment of a note in payment of a debt. The same care and attention is therefore required; to make the assignor liable, as in all cases of promissory notes endorsed. If the note was accepted as conditional payment, still the same strictness is necessary to bind the assignor. *Chitty*, 157. To show that the same degree of diligence is necessary where a note is not regularly endorsed, or is not regularly a bill of exchange, he referred to *Chamberlyn vs. Delarive*, 2 Wils. 353. *Moore vs. Warren*, 1 Stra. 415. *Turner vs. Mead*, Ibid 416. *Ward vs. Evans*, 2 Ld. Raym. 928. *Tobey vs. Barber*, 5 Johns. Rep. 68, 72. *Chitty*, 118; *(note K.) Clark vs. Young*, 1 Cranch, 192.

*Curia adv. vult.*

At this term

JUDGMENT AFFIRMED.

---

June.

Under the act of 1786, ch. 45, to direct descents, and its supplements, a purchaser of the interest of the eldest son, &c. of an intestate, has a right to elect to take the intestate's real estate at the valuation of it by the commissioners

A legal estate in severalty does not vest in a party electing to take under the said act of descents, unless he pays the other heirs their proportions of the valuation or executes bonds to pay the same.

**JARRETT's Lessee vs. COOLEY, et al.**

APPEAL from *Harford* county court. The cause, which is fully stated in the opinion delivered by this court, was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J. by

*Magruder* and *R. Johnson*, for the Appellant, and by *Mitchell*, for the Appellees.

The opinion of the court was delivered by

EARLE, J. This is an ejectment instituted in *Harford* county court, for the recovery of an undivided sixth part of a tract of land called *Rupulta*.

The plaintiff gave testimony to support his right to recover, and rested his cause upon his proofs. To defeat his